UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TRACY KING,                          )
                                     )
                Petitioner,          )
                                     )
        v.                           )        No. 4:06-CV-1188-RWS
                                     )
DAVE DORMIRE,                        )
                                     )
                Respondent.          )


## MEMORANDUM AND ORDER

        This matter is before the Court upon petitioner Tracy
King's application for leave to commence this action without
payment of the required filing fee [Doc. #1].  Upon consideration
of the financial information provided with the application, the
Court finds that petitioner is financially unable to pay any
portion of the filing fee.

        Petitioner seeks a writ of habeas corpus pursuant to 28
U.S.C. § 2554.  For the reasons set forth below, the Court will not
issue an order to show cause.

### The petition

        Petitioner, an inmate at the Jefferson City Correctional
Center, seeks release from confinement pursuant to 28 U.S.C. §
2254.  Following a jury trial in 1994, the Circuit Court of the
City of St. Louis, Missouri, convicted and sentenced petitioner on
charges of two counts of robbery in the second degree, two counts
of assault in the second degree, and two counts of felony stealing.

See State v. King, 988 S.W.2d 663 (Mo.App. 1999). On April 13, 1999, the Missouri Court of Appeals affirmed the convictions, as well as the denial of Rule 29.15 relief without an evidentiary hearing. See id.

Thereafter, in 2006, petitioner filed in the St. Louis City Circuit Court a petition titled "Plain Error Petition."[1] In the said petition, petitioner challenged the validity of his 1994 criminal convictions. The petition was denied on April 26, 2006; however, petitioner states that he did not receive notice thereof until July 18, 2006, because the Clerk of Court, Mariano V. Favazza, "waited until the time to file an appeal had expired." In addition, petitioner claims that he filed a motion to reinstate his Rule 29.15 motion for post-conviction relief and that the state court denied the motion on June 5, 2006. Again, petitioner alleges that due to the malfeasance of the court clerk, he did not receive notice of the court's action until July 18, 2006, after the time for filing an appeal had expired.

In the instant action, petitioner states, "this is not an attack on the convictions and sentence but being [denied] access to court." He states that he "is seeking discharge not against the charges but because the state has maliciously and intentionally

---

[1]Petitioner's "Plain Error Petition" was filed pursuant to Rule 29.12(b) of the Missouri Supreme Court Rules of Criminal Procedure, which states, "Plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom."

obstructed the right of this petitioner to have meaningful access to the Circuit Courts for the City of St. Louis, Missouri in 2006." Petitioner claims he timely filed "two separate petitions in the Circuit Court for the City of St. Louis that could have discharged [him]." He states that he "was given absolutely no notice that any action was taken on the within cases so that a timely appeal could be filed." In addition, petitioner claims that "[t]here are no available remedies in Missouri to challenge the confinement based on the malfeasances of the circuit court clerk."

## Discussion

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a district court may summarily dismiss a petition for a writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief.

### A. Rule 29.12(b) motion for plain error

Petitioner's claim for habeas corpus relief based upon his alleged denial of access to the courts is without merit. To state an access-to-the-courts claim, a plaintiff must allege that he suffered actual prejudice to a nonfrivolous legal claim. Lewis v. Casey, 518 U.S. 343, 349-55 (1996) (right of access to courts requires showing that inmate had nonfrivolous legal claim actually impeded or frustrated). Petitioner's claim relative to his inability to appeal the denial of his Rule 29.12(b) "Plain Error

3

Petition" is not a nonfrivolous legal claim given that, under Missouri law, "Rule 29.12(b) will not support an independent cause of action." <u>Vernor v. State</u>, 30 S.W.3d 196 (Mo. App. 2000)(following guilty plea and denial of appellant's motion for post-conviction relief under Rule 24.035, appellant not entitled to successive Rule 24.035 motion by labeling motion as Rule 29.12(b) motion). Because there is no independent basis for a Rule 29.12(b) motion, "there can be no appealable judgment." <u>Id</u>. Moreover, in the instant action, petitioner sought, and was denied, Rule 29.15 post-conviction relief. As such, he is not entitled to a successive Rule 29.15 motion, which, in effect, is what he was attempting to do by filing a motion labeled as a Rule 29.12(b) motion. <u>Cf</u>. <u>id</u>. at 197. Accordingly, petitioner's claim of court clerk malfeasance resulting in his denial of access to the courts relative to his inability to appeal the denial his Rule 29.12(b) motion is a legally frivolous claim and will be dismissed, with prejudice.

### B. Motion to reinstate Rule 29.15 motion

In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts

by any currently available and adequate procedure. The State of Missouri provides for the filing of a writ of mandamus to compel the processing of a notice of appeal. See Nitcher v. Brown, 775 S.W.2d 330 (Mo.App. 1989)(mandamus granted; associate circuit judge directed to process prisoners' notices of appeal after having directing clerk not to file the notices). Because petitioner has not exhausted his available state remedies relative to his claim that the court clerk's malfeasance denied him his right to appeal the denial of his motion to reinstate his Rule 29.15 motion, this claim will be dismissed, without prejudice.[2]

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner's claim relative to his inability to appeal the denial of his Rule 29.12(b) "Plain

---

[2]The Court notes that § 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (enacted on April 24, 1996), amended 28 U.S.C. § 2244 by adding a one-year limitations period to petitions for writs of habeas corpus. Moreover,

> [a]lthough [28 U.S.C. § 2244(d)(1)(A)] provides for tolling of the statute of limitations during the pendency of state post-conviction proceedings or other state-court collateral review, the Supreme Court has held that there is no statutory basis for tolling the statute of limitations during the pendency of a federal petition for writ of habeas corpus.

Lee v. Norris, 354 F.3d 846 (8th Cir. 2004). As such, for purposes of seeking federal habeas corpus relief relative to the denial of petitioner's motion to reinstate, petitioner's one-year limitations period has commenced and has not been tolled by the filing of the instant federal action.

Error Petition" is **DISMISSED**, with prejudice.

   **IT IS FURTHER ORDERED** that petitioner's claim that the court clerk's malfeasance denied him his right to appeal the denial of his motion to reinstate his Rule 29.15 motion, is **DISMISSED**, without prejudice, for petitioner's failure to exhaust available state remedies.

   **IT IS FURTHER ORDERED** that no order to show cause shall issue as to respondent, and that petitioner's application for a writ of habeas corpus is **DENIED**.

   An appropriate Order shall accompany this Memorandum and Order.

   Dated this 19th day of September, 2006.

_____
**UNITED STATES DISTRICT JUDGE**